## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

JOSEPH DEERY,

　　　　　Plaintiff,

　　v.

CRYSTAL INSTRUMENTS
CORPORATION,

　　　　　Defendant.

Civ. No. 13-198 (WJM)

OPINION

### WILLIAM J. MARTINI, U.S.D.J.:

This matter comes before the Court on Defendant Crystal Instruments Corporation's motion to strike under Federal Rule of Civil Procedure 12(f).[1] Plaintiff Joseph Deery opposes the motion. For the reasons set forth below, Defendant's motion is **DENIED**.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

For purposes of this Opinion, it is sufficient to note that Plaintiff Joseph Deery's Complaint alleges the following: Plaintiff is a former sales representative of Defendant Crystal Instruments Corporation. Plaintiff claims that the parties' business relationship was governed by a Sales Representative Agreement ("SRA")

---

[1] The motion to strike is found in Defendant Crystal Springs omnibus motion to: (1) dismiss the Complaint in its entirety pursuant to Rule 12(b)(6), which Plaintiff voluntarily withdrew on April 24, 2013 (ECF No. 11); (2) transfer this matter to the Northern District of California pursuant to § 1404(a), which the Honorable Mark Falk, U.S.M.J., denied on August 20, 2013 (ECF No. 16); and (3) strike Plaintiff's demand for attorney's fees pursuant to Rule 12(f), which will be decided by the Court presently (ECF No. 8).

and that Defendant breached the SRA when it terminated the parties' agreement. The lone count in Plaintiff's Complaint is for breach of the SRA.  Based on these allegations, Plaintiff "demands judgment against [D]efendant awarding [P]laintiff all damages sustained by reason of [D]efendant's breach of contract, including the costs of disbursements of the action and reasonable attorneys' fees, to the extent provided by law . . ."  (Compl. 3, ECF No. 1).

Presently, Defendant moves to strike that portion of Plaintiff's prayer for relief in which it seeks attorneys' fees based on its assertion that "Plaintiff has not alleged any proper basis in this lawsuit for a recovery of attorneys' fees."  (Def.'s Memo. of Law 9, ECF No. 8.)

## II. DISCUSSION

### A. Legal Standard: Rule 12(f)

Under Rule 12(f), a party may make a motion to strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Motions to strike are decided on the pleadings alone.  *DeLa Cruz v. Piccari Press*, 521 F.Supp.2d 424, 429 (citing *North Penn Transfer, Inc. v. Victaulic Co. of Am.*, 859 F.Supp. 154, 159 (E.D. Pa.1994)).  And in reviewing such a motion, the Court may exercise "considerable discretion." *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F.Supp. 200, 217 (D.N.J. 1993).

That being said, striking portions of a plaintiff's pleading is a "drastic

remedy" that is only appropriate "when the grounds for striking it are readily apparent from the face of the pleadings." *Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 740 (D.N.J. 2013) (citing *Vurimindi v. Fuqua Sch. of Bus.*, No. Civ.A.10–234, 2011 WL 3803668, at *2 (E.D.Pa. Aug. 29, 2011) (internal citations & quotations omitted).  Thus, while motions to strike may save parties the time and expense of litigating claims that could not affect the outcome of the case, *United States v. Kramer*, 757 F.Supp. 397, 410 (D.N.J. 1991), they "are disfavored and usually will be denied 'unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case.'"  *Jones v. United States*, 10–CV–3502 RBK, 2012 WL 2340096, at *2 (D.N.J. June 18, 2012) (quoting *River Road Dev. Corp. v. Carlson Corp. N.E.*, No. 89–7037, 1990 WL 69085, at *3 (E.D. Pa. May 23, 1990)).

## B. Application

The Court recognizes that generally speaking, in the absence of "express authorization by statute, court rule or contract" or "when the interests of equity demand it," *In re Estate of Vayda*, 184 N.J. 115, 122-23 (N.J. 2005), a prevailing party in litigation is not entitled to recover its attorneys' fees from its adversary. Thus, assuming Plaintiff eventually prevails in this litigation, barring one of the above enumerated exceptions, it is unlikely that he will be entitled to recover

attorneys' fees from Defendant. That being said, Defendant has failed to demonstrate how, on the face of the pleadings, it is readily apparent that Plaintiff's request for "attorneys' fees to the extent provided by law" is redundant, immaterial, impertinent, or scandalous in a manner sufficient for this Court to order that Plaintiff's request be stricken at this time. Accordingly, Defendant's motion to strike will be **DENIED**. *Malibu Media, LLC v. Lee*, CIV. 12-03900, 2013 WL 2252650 (D.N.J. May 22, 2013. ("While the inquiry into the [issue of] statutory damages ultimately awarded in this case arguably adds an additional complication to the litigation, the Court does not find it sufficiently prejudicial at this stage to require dismissal under Rule 12(f).")

## III. CONCLUSION

For the reasons stated above, Defendants' Rule 12(f) motion to strike is **DENIED**. An appropriate order follows.

/s/William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: August 23, 2013.**